IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv100

| WILLIAM JAY WINEGARD | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND |
|  | ) | RECOMMENDATION |
| MELISSA K. PASCIOLLA, JOHN R. MILLER, STACY SNYDER and DERIC NUTTER, | ) | |
| Defendants. | ) | |

Pending before the Court is the Motion to Dismiss [# 9] filed by Defendants. Plaintiff, who is proceeding *pro se*, brought this action against Defendants asserting a claim pursuant to the Americans with Disabilities Act of 1990 ("ADA"). Specifically, Plaintiff contends that Defendants failed to accommodate his disability and allow him time off to seek treatment, and that Defendants terminated his employment because of his disability. Defendants move to dismiss the Complaint in its entirety. The Court previously instructed Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of this obligation to respond to the Defendants' motion. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 9].

**I.    Background**

Plaintiff contends that he is disabled as the result of a learning disability. The Complaint, however, contains no details regarding the nature or scope of this learning disability. Plaintiff worked for Hertz Rental Car Corp. ("Hertz") as a vehicle service attendant during time period relevant to this dispute.

On June 21, 2010, Plaintiff requested time off from work in order to meet with the Victim Assistance Coordinator for the Catholic Diocese of Syracuse regarding an investigation into sexual abuse by a Catholic priest in the 1990s. Plaintiff's Manager, Defendant Melissa Pasciolla, denied the request for leave. Plaintiff then contacted the Hertz City Manager, Defendant John Miller, to request time off. Plaintiff contends that Defendant Miller granted his request for leave, and that he was scheduled to return from this leave on July 6, 2010.

Two hours before Plaintiff was scheduled to return to work, a third party called the Asheville Hertz office on behalf of Plaintiff in order to verify Plaintiff's upcoming work schedule. During this call, Plaintiff learned that Hertz had scheduled him to work on July 3-5. Plaintiff then confirmed with Defendant Pasciolla that the schedule was correct. Plaintiff was also notified that he was suspended pending an investigation into his absence from work. Plaintiff did not report to work on July 6, 2010.

On July 9, 2010, Plaintiff received a letter from Defendant Deric Nutter, the

district manager for Hertz, stating that Plaintiff's failure to report to work for three consecutive scheduled work days was grounds for termination. The letter stated that if Hertz did not hear from Plaintiff within three days of receipt of the letter, Hertz would consider Plaintiff's employment terminated for job abandonment, effective July 7, 2010. After receiving the letter, Plaintiff attempted to contact Defendant Stacy Snyder, the Human Resources Manager, but was unable to reach her on the phone. Plaintiff also contacted several other corporate offices in North Carolina but got no response. Plaintiff then proceeded to file for unemployment benefits on July 12, 2010.

After Hertz terminated his employment, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff signed and dated the charge January 19, 2011. The EEOC received the charge on January 24, 2011. Subsequently, the EEOC dismissed the charge as untimely and issued Plaintiff a right to sue notice. Plaintiff then brought this action asserting a claim of retaliation under the ADA.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the

Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189. The Court, however, must liberally construe a complaint filed by a *pro se* litigant and should not hold a *pro se* pleading to the same standard as one drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193.  Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

#### A. The ADA Claims Against Defendants are Subject to Dismissal

Plaintiff asserts claims under the ADA against Defendants Melissa Pasciolla, John Miller, Stacy Snyder, and Deric Nutter.  Defendant did not name Hertz as a defendant in this action.  The law is clear, however, that the ADA does not permit a plaintiff to assert claims for retaliation for conduct protected by the ADA against individual defendants who do not qualify as employers. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); see also Jones v. Sternheimer, 387 F.

App'x 366, 368 (4th Cir. 2010) (unpublished); Jones v. Comsys IT Partners, Inc., No. 3:10cv72, 2011 WL 1843167, at *6 (W.D.N.C. May 16, 2011) (Cogburn, J.) Hertz, not the individually named Defendants, employed Plaintiff. Accordingly, the ADA claims Plaintiff asserts against Defendants are subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 9].

### B. Leave to Amend to Add Hertz as a Defendant is Futile

In his response to the Motion to Dismiss, Plaintiff requests that the Court allow him leave to amend the Complaint in order to cure any deficiencies. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).

An individual must file a charge of discrimination with the EEOC within

6

180 days of the alleged discriminatory practice. J.S. ex rel. Duck v. Isle of Wright Cnty. Sch. Bd., 402 F.3d 468, 475 n.12 (4th Cir. 2005); Martin v. Mecklenburg Cnty. Park and Recreation Dep't No. 3:06cv290, 2006 WL 3780418 (W.D.N.C. Dec. 20, 2006) (Mullen, J.). The latest date the alleged discrimination occurred is July 7, 2010, the date Plaintiff alleges he was terminated in his EEOC charge. (Ex. A to Defs.' Mot. Dismiss at p. 6.; Attachment 1 to Pl.'s Compl. at p. 14.) Plaintiff signed and dated the Charge of Discrimination January 19, 2011, over two weeks after the expiration of the 180 day period. (Ex. A to Defs.' Mot. Dismiss at p. 6.; Attachment 1 to Pl.'s Compl. at p. 14.) The EEOC stamped the charge received on January 24, 2011. (Ex. A to Defs.' Mot. Dismiss at p. 6.; Attachment 1 to Pl.'s Compl. at p. 14.) Because Plaintiff failed to timely file a charge of discrimination with the EEOC, allowing Plaintiff leave to amend the Complaint to add Hertz as a defendant is futile. Accordingly, granting Plaintiff leave to amend is not warranted in this case, and the Court **DENIES** Plaintiff's request for leave to amend his Complaint contained in his response to the Motion to Dismiss.

## IV. Conclusion

The Court **DENIES** Plaintiff's request for leave to amend his Complaint contained in his response to the Motion to Dismiss. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [#9] and Dismiss Plaintiff's

Complaint.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

Signed: September 14, 2011

Dennis L. Howell
United States Magistrate Judge