# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv100

| | |
|---|---|
| WILLIAM JAY WINEGARD, ) ) Plaintiff, ) ) vs. ) ) ) ) MELISSA K. PASCIOLLA, JOHN R. ) MILLER, STACY SNYDER, and ) DERIC NUTTER, ) ) Defendant. ) ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 9]; the Magistrate Judge's Memorandum and Recommendation [Doc. 19] regarding the disposition of said motion; and the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 22].

## I. PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff William Jay Winegard was employed by the Hertz Rental Car Corporation ("Hertz") as a vehicle service attendant at the Asheville Regional Airport located in Fletcher, North Carolina. [Complaint, Doc. 1 at ¶1]. He was terminated from his employment on July 7, 2010. [Id. at ¶4].

Following his termination, the Plaintiff filed a charge of discrimination against Hertz with the Equal Employment Opportunity Commission ("EEOC").[1] On February 2, 2011, the EEOC dismissed the Plaintiff's charge as untimely and issued him a right to sue notice. [Dismissal and Notice of Rights, Doc. 1-1 at 18].

On May 2, 2011, the Plaintiff filed a *pro se* Complaint in this Court against four individual managers with Hertz -- Melissa Pasciolla, John R. Miller, Stacey Snyder, and Deric Nutter -- alleging that the Defendants failed to accommodate his disability and allow him time off to seek treatment, and that the Defendants wrongfully terminated his employment because of his disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* Hertz was not named as a defendant in the Plaintiff's Complaint.

On July 8, 2011, the Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 9]. Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to

---

[1] Additional details regarding the Plaintiff's filing of a discrimination charge with the EEOC are provided in the Discussion section of this opinion.

Dismiss and to submit a recommendation for its disposition. On July 25, 2011, Judge Howell entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of his obligation to respond to the Defendants' Motion and directing him to file such response before August 24, 2011. [Doc. 14]. The Plaintiff filed a Response in opposition to the Defendants' Motion to Dismiss within the time required [Doc. 16], and the Defendants filed a Reply [Doc. 18].

On September 14, 2011, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Motion to Dismiss be granted and that the Plaintiff's Complaint be dismissed with prejudice. [Doc. 19]. Specifically, the Magistrate Judge concluded that the claims asserted by the Plaintiffs against the Defendants should be dismissed because claims for retaliation under the ADA cannot be brought against individual defendants who do not qualify as employers. [Id. at 5-6]. He further concluded that allowing the Plaintiff to amend his Complaint to add Hertz as a defendant would be futile because the Plaintiff's EEOC charge was untimely. [Id. at 6-7].

The Plaintiff timely filed an Objection to the Memorandum and Recommendation. [Doc. 22]. While not objecting to the Magistrate Judge's

recommendation that the individual Defendants be dismissed, the Plaintiff contends that he should be permitted to add Hertz as a defendant in this action. Specifically, he disputes that his EEOC charge was untimely, and therefore contends that such amendment would not be futile. [Id. at 1]. The Defendants have responded to the Plaintiff's Objection, urging the Court to adopt the Magistrate Judge's Recommendation in its entirety [Doc. 23].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

### A. Standard of Review Applicable to Objections to Magistrate Judge's Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88

L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

B.     **Rule 12(b)(6) Standard of Review**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949.

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."

5

> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" as required by Rule 8. ... [E]ven though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 557, 127 S.Ct. 1955 and Iqbal, 129 S.Ct. at 1950).

## III. DISCUSSION

Before a claimant may bring suit under the ADA, he must first file a charge of discrimination with the EEOC. The charge of discrimination must be filed within 180 days of the alleged discriminatory act. 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1). If the claimant fails to file a discrimination charge in a timely fashion with the EEOC, "the claim is time-barred in federal court." McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994).

In the present case, the latest date on which the alleged discrimination occurred is July 7, 2010, the date the Plaintiff alleges he was terminated from

his employment. As such, the Plaintiff had until January 3, 2011, to file a charge of discrimination with the EEOC. As the Magistrate Judge noted, the Plaintiff signed and dated the formal Charge of Discrimination on January 19, 2011, and the EEOC stamped the Charge of Discrimination as received on January 24, 2011. [Doc. 19 at 7].[2]

The Plaintiff alleges in his Complaint, however, that he filed his initial charge of discrimination with the EEOC on January 3, 2011. [See Doc. 1 at 2]. Upon review of the documents attached to the Plaintiff's Complaint, it appears that the Plaintiff's allegation is based upon a written statement signed by the Plaintiff on January 3, 2011 and received by the Charlotte District Office of the EEOC on January 7, 2011. [Doc. 1-1 at 11-13]. The Court therefore must determine whether this statement is sufficient to constitute a "charge of discrimination" under the EEOC.

The EEOC's regulations require that "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. The term "verified" is defined as "sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to

---

[2]The Court may take judicial notice of both the Plaintiff's EEOC charge and the EEOC's right to sue letter, as both documents are integral to and explicitly relied on in the Complaint, without converting the instant motion in a motion for summary judgment. See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999); Brown v. Institute for Family Centered Services, Inc., 394 F.Supp.2d 724, 729 n.2 (M.D.N.C. 2005).

administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury." 29 C.F.R. § 1601.3. The regulations further state that a charge shall be sufficient "when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the actions or practices complained of." 29 C.F.R. § 1601.12(b). A charge of discrimination made be made in person or by mail to the EEOC. 29 C.F.R. § 1601.8. The charge is deemed to be filed with the EEOC upon receipt of the document. 29 C.F.R. § 1601.13(a)(1).

The written statement at issue details the Plaintiff's allegations of discrimination against Hertz and is signed under penalty of perjury. [Id. at 13]. While the statement is dated January 3, 2011, a date stamp on the first page of the statement indicates that it was received by the Charlotte District Office of the EEOC on January 7, 2011. [Id. at 11]. Thus, even if the Court could construe this earlier filing as a "charge of discrimination" within the meaning of the EEOC regulations, the document was not received by the EEOC until January 7, 2011 and therefore was not "filed" within 180 days of the alleged discriminatory act. Because the Plaintiff failed to file a timely charge of

discrimination with the EEOC, any ADA claim he may have had against his former employer is now time-barred.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Memorandum and Recommendation of the Magistrate Judge [Doc. 22] is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 19] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 9] is **GRANTED**, and the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: January 12, 2012

Martin Reidinger
United States District Judge